# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JACOB DAVID VALDEZ,<br><br>Plaintiff,<br><br>v.<br><br>TRANSUNION LLC,<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br>TITANIUM FUNDS LLC,<br><br>Defendants. | Case No.: _____<br><br>**JURY TRIAL DEMANDED**<br><br>Case: 2:25-cv-00877<br>Assigned To : Bennett, Jared C.<br>Assign. Date : 10/1/2025<br>Description: Valdez v. TransUnion et al. |

## **COMPLAINT FOR DAMAGES AND OTHER RELIEF**

## I. INTRODUCTION

1. This is an action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., arising from Defendants' reporting, reinsertion, publication, and verification of inaccurate credit information about Plaintiff Jacob David Valdez ("Plaintiff") despite clear proof that the account at issue was paid and satisfied years ago.

2. As detailed below and supported by exhibits, Titanium Funds LLC ("Titanium") accepted Plaintiff's final payment on March 17, 2023 and

acknowledged the account as paid in full/satisfied. Nevertheless, TransUnion LLC ("TransUnion") and Experian Information Solutions, Inc. ("Experian") reported a false outstanding balance and/or inaccurate derogatory history and failed to reasonably reinvestigate after Plaintiff's disputes. TransUnion also **reinserted** previously deleted information **without providing the reinsertion notice** required by the FCRA. Titanium, as furnisher, failed to reasonably investigate and correct its furnishing after receiving dispute notices.

3. Plaintiff seeks actual, statutory, and punitive damages, costs (and, if later represented, attorney's fees), and appropriate declaratory and equitable relief as permitted by law.

## II. PARTIES

4. Plaintiff Jacob David Valdez is a natural person residing at 6590 S 2700 W, Apt 3, Taylorsville, Utah 84129-7345, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

5. TransUnion LLC is a nationwide consumer reporting agency ("CRA") that does business in Utah.

6. Experian Information Solutions, Inc. is a nationwide CRA that does business in Utah.

7. Titanium Funds LLC is a furnisher of credit information to CRAs and does business in Utah.

## III. JURISDICTION AND VENUE

8. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred in this District and Plaintiff resides here.

## IV. FACTUAL ALLEGATIONS

### A. The Titanium account was paid and satisfied in March 2023.

10. Plaintiff's Titanium account (Creditor Reference No. 11410) was opened around October 2020.

11. On March 17, 2023, Plaintiff made a final payment of **$4,080.16**, bringing the account to paid-in-full/satisfied status. (**Exhibit A** – Account Statement reflecting the 03/17/2023 payment and $0 unpaid principal/balance.)

12. On March 29, 2023, Titanium (or its counsel/agent) issued a **Release of Garnishment (Satisfied)** confirming the judgment was satisfied. (**Exhibit B** – Release of Garnishment (Satisfied), 03/29/2023.)

13. On a recorded call with **Cheri Lechtenberg**, Legal Team Account Manager for Titanium/Lucky's Auto Credit, Ms. Lechtenberg confirmed: (a) the last payment was received on March 17, 2023; (b) the account was marked **paid in full** on that date; (c) Titanium would provide the satisfaction/records and report to the CRAs; and (d) any small residual (e.g., **$2.65**) was administrative and did not change the paid-in-full status. (**Exhibit C** – Transcript of call with Cheri Lechtenberg. Plaintiff maintains the original audio and will produce it in discovery.)

14. Titanium's internal claim/ledger screen shows **"Judgment – PAID IN FULL,"** Payment on Judgment **$12,697.53**, Judgment Remaining **$2.65**, and Last Payment **$4,080.16** on 03/17/2023. (**Exhibit D** – Titanium Claim Information Screen.)

15. A **Satisfaction of Judgment** was subsequently filed/issued memorializing the prior satisfaction. *(Document retained; will be produced in discovery.)*

**B. Despite payment, TransUnion and Experian continued to publish false information; Titanium failed to correct its furnishing.**

**TransUnion (TU)**

16. After Plaintiff's disputes, TransUnion initially updated the Titanium tradeline to closed/paid, but then **reinserted** an **$8,052** balance and

derogatory history. TU assigned **File No. 461044958** to Plaintiff's dispute chain and sent **stall letters** after already receiving full identity verification and proofs.

17. By **September 25, 2025**, TU's consumer disclosure/report again showed the Titanium balance as **$8,052** with derogatory coding through July 2025, evidencing **reinsertion or continued reporting of inaccurate data** despite prior deletion. (**Exhibit E** – TransUnion Credit Report (09/25/2025) reflecting $8,052 balance and derogatory history; TU File #461044958 referenced in the report/disputes.)

18. **No written reinsertion notice** was provided to Plaintiff within five business days as required by **15 U.S.C. § 1681i(a)(5)(B)**. *(Plaintiff's certified mail receipts and TU correspondence are retained and will be produced in discovery.)*

**Experian (EX)**

19. Experian issued dispute results dated **July 9, 2025** (Report #0503-2421-18) and **August 5, 2025** (Report #0836-7876-54) stating the Titanium item was "Verified and Updated," yet the tradeline still reflected a balance/past-due of **$8,052** and derogatory coding. *(The July 9, 2025 result is retained for*

*discovery.*) (**Exhibit F** – Experian Dispute Results 08/05/2025, "Verified & Updated" despite inaccuracies.)

20. Experian's **September 25, 2025** consumer disclosure (retained) shows the account status as "**Paid, Closed. $9,082 written off (May 2025)**" yet still includes false payment history and **Balance Histories anomalies** (e.g., $8,052 shown for Nov 2024–Apr 2025; "Paid $0 on 2/19/2021" repeated; missing months deleted or labeled "ND"), inconsistent with the verified paid/satisfied status since March 2023. *(Retained for discovery.)*

**Furnisher (Titanium) via e-OSCAR**

21. On or about **July 22, 2025**, Titanium responded to CRA dispute(s) through **e-OSCAR**, yet failed to correct or cause deletion of the inaccurate information despite its own records proving paid status. (**Exhibit G** – e-OSCAR Dispute File (07/22/2025).)

**Disputes, Stall Letters, and Proof of Delivery**

22. Plaintiff repeatedly disputed with TU and EX (including around **June 25, 2025** and thereafter), and provided **proof of payment and identity** (including notarized ID). Both CRAs sent **stall letters** and failed to conduct a reasonable reinvestigation. Plaintiff also sent disputes by **USPS Certified**

**Mail** with return receipts confirming delivery. *(Certified receipts/green cards and stall letters are retained for discovery.)*

**Publication to third parties / continuing violations**

23. Defendants reported and/or verified the inaccurate Titanium tradeline to third parties, including **American Express**, thereby publishing false information about Plaintiff's creditworthiness and causing concrete harm including credit denial and lost opportunities. Defendants' violations are **continuing** in nature.

## V. RESULTING HARM AND ACTUAL DAMAGES

24. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered **concrete, particularized, and continuing harm**, including but not limited to:

a. **Credit denial and lost opportunities** — including denial by **American Express** on or about **September 25, 2025** while the inaccurate Titanium tradeline remained on TU and EX reports. (**Exhibit H** – AmEx denial notice.)

b. **Lost mortgage opportunity and higher housing costs** — In mid-2023, shortly after satisfying the Titanium account, Plaintiff sought to qualify for a mortgage but was **advised by a loan officer** that he did not meet underwriting guidelines because the Titanium tradeline was still showing an **$8,052** balance. Plaintiff

therefore could not proceed with a home purchase when **interest rates were lower**, resulting in long-term financial loss and a higher cost of credit.

c. **Reputational harm and diminished creditworthiness** — publication of a false delinquency made Plaintiff appear as if he had not satisfied a judgment, damaging his credibility with lenders and impairing access to credit on fair terms.

d. **Financial costs and economic damages** — out-of-pocket expenses for certified mail/postage, notary services, credit reports/monitoring, printing, and related costs incurred to correct Defendants' inaccurate reporting.

e. **Emotional distress and psychological harm** — significant stress, anxiety, humiliation, frustration, and loss of sleep from being repeatedly treated as delinquent despite clear proof of payment, receiving stall letters, and facing credit denials.

f. **Time and effort damages** — substantial hours spent drafting disputes, gathering evidence, sending certified mail, communicating with Titanium and the CRAs, and tracking responses, diverting time from work and family.

g. **Continuing harm** — inaccuracies and unlawful reinsertion persisted into **2025** despite Titanium's admission the account was paid in full as of **March 17, 2023**, and despite Plaintiff's repeated disputes.

## VI. CLAIMS FOR RELIEF

### COUNT I – Violations of FCRA § 1681e(b)

*(Failure to follow reasonable procedures to assure maximum possible accuracy)*

**(Against TransUnion and Experian)**

25. Plaintiff incorporates paragraphs 1–24 as if fully set forth.

26. TransUnion and Experian failed to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff by reporting a false outstanding balance and derogatory history long after Titanium's records and admissions confirmed the account was paid in full.

27. As a result, Plaintiff suffered actual damages as alleged.

### COUNT II – Violations of FCRA § 1681i

*(Failure to conduct a reasonable reinvestigation; unlawful reinsertion)*

**(Against TransUnion and Experian)**

28. Plaintiff incorporates paragraphs 1–27.

29. After receiving Plaintiff's written disputes (including **TU File # 461044958** and **EX Report # 0836-7876-54**), the CRAs failed to conduct a reasonable reinvestigation and failed to delete or correct inaccurate information.

30. TransUnion **reinserted** previously deleted information without first obtaining the furnisher certification required by **15 U.S.C. § 1681i(a)(5)(B)(i)** and failed to provide written notice to Plaintiff within five business days as required by **§ 1681i(a)(5)(B)(ii)**.

31. Plaintiff suffered actual damages as alleged.

**COUNT III – Violations of FCRA § 1681s-2(b)**

*(Failure of furnisher to reasonably investigate and correct)*

**(Against Titanium Funds LLC)**

32. Plaintiff incorporates paragraphs 1–31.

33. After receiving notice(s) of Plaintiff's disputes from one or more CRAs via **e-OSCAR,** Titanium failed to conduct a reasonable investigation, failed to review all relevant information, and failed to correct or request deletion of inaccurate information that it furnished or previously furnished, despite its **own records and agent's statements** showing the account was paid in full on **03/17/2023**.

34. Plaintiff suffered actual damages as alleged.

**COUNT IV – Willful Noncompliance (15 U.S.C. § 1681n)**

**(Against All Defendants)**

35. Plaintiff incorporates paragraphs 1–34.

36. Defendants' conduct was **willful and/or in reckless disregard** of the FCRA, entitling Plaintiff to statutory damages, punitive damages, and costs (and, if later represented, attorney's fees) under **15 U.S.C. § 1681n**.

## COUNT V – Negligent Noncompliance (15 U.S.C. § 1681o)

**(Against All Defendants)**

37. In the alternative, Defendants were **negligent**, entitling Plaintiff to actual damages and costs (and, if later represented, attorney's fees) under **15 U.S.C. § 1681o**.

**Reservation to Amend**

38. Plaintiff anticipates additional evidence will be obtained, including the detailed adverse action letter from American Express and further CRA/furnisher records. Plaintiff reserves the right to amend this Complaint to conform to the evidence and to add parties or claims as justice requires.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants, jointly and severally, for:

A. **Actual damages** under 15 U.S.C. §§ 1681n and 1681o, including but not limited to damages for credit denials, **lost mortgage opportunities and higher housing/credit costs**, out-of-pocket expenses (certified mail, notary, credit reports/monitoring), loss of time/productivity, emotional distress, and reputational harm;

B. **Statutory damages** up to **$1,000 per willful violation** under 15 U.S.C. § 1681n;

C. **Punitive damages** for willful and/or reckless noncompliance with the FCRA;

D. **Declaratory relief** that Defendants' conduct violated the FCRA;

E. **Equitable relief**, including an injunction or order requiring **correction or deletion** of the inaccurate Titanium tradeline and compliance with the FCRA's reinsertion requirements;

F. **Pre-judgment and post-judgment interest** as allowed by law;

G. **Costs of suit** and, if Plaintiff later retains counsel, **reasonable attorney's fees** as provided by law; and

H. Such other and further relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: Oct, 01 , 2025

Respectfully submitted,

_____

**JACOB DAVID VALDEZ (Pro Se)**

6590 S 2700 W, Apt 3

Taylorsville, UT 84129-7345

Phone: 801-403-4271

Email: sneakob801@gmail.com

Plaintiff, Pro Se