**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **JACOB DAVID VALDEZ,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TRANSUNION LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TITANIUM FUNDS LLC,**<br><br>**Defendants.** | **ORDER DENYING MOTION TO CONDUCT DISCOVERY**<br><br>**Case No. 2:25-cv-00877-DBB-JCB**<br><br>**District Judge David Barlow**<br><br>**Magistrate Judge Jared C. Bennett** |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Jacob David Valdez's ("Mr. Valdez") motion to conduct limited discovery.[2] Mr. Valdez seeks an order requiring Defendant Experian Information Solutions, Inc. ("Experian") to produce certain records.[3] Mr. Valdez argues that good cause exists for him to conduct discovery because he is proceeding pro se and did not understand that he needed to serve a separate formal request to Experian by the written-discovery deadline to obtain Experian's internal records.[4] For the reasons stated below, the court DENIES Mr. Valdez's motion.

Experian states that Mr. Valdez did not serve discovery requests by the May 31, 2026, written-discovery deadline, and first emailed document requests to Experian on July 10, 2026.[5] Mr. Valdez filed

[1] ECF No. 20.

[2] ECF No. 35.

[3] *Id.*

[4] *Id.* at 6.

[5] ECF No. 36 at 3.

this motion on August 10, 2026, ten days after the close of fact discovery and more than two months after the deadline to serve written discovery.[6] Mr. Valdez's motion is best construed as a motion to extend fact discovery that was filed after fact discovery had closed. Therefore, the motion is governed by Fed. R. Civ. P. 6(b)(1)(B), which provides that "the court may, for good cause," extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." Accordingly, Mr. Valdez must demonstrate both good cause and excusable neglect.

The United States Court of Appeals for the Tenth Circuit has recognized that good cause and excusable neglect are interrelated, though not identical.[7] To show good cause, the Tenth Circuit has stated:

> Without attempting a rigid or all-encompassing definition of good cause, it would appear to require *at least as much* as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required.[8]

"[G]ood cause requires a greater showing than excusable neglect."[9] "Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[10] "It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts."[11]

---

[6] ECF No. 23.

[7] *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996); *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987).

[8] *In re Kirkland*, 86 F.3d at 175 (citation modified) (emphasis in original); *see also Putnam*, 833 F.2d at 905.

[9] *In re Kirkland*, 86 F.3d at 175 (citation modified).

[10] *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700-01 (10th Cir. 2017) (citation modified).

[11] *Id*. at 701 (citation modified).

Mr. Valdez has failed to demonstrate good cause. The court acknowledges that Mr. Valdez was responding to discovery requests from multiple defendants during this time period,[12] but that does not explain the lack of diligence he displayed by failing to request written discovery from a Defendant until more than one month after that deadline had passed. And the fact that Mr. Valdez is proceeding pro se does not excuse his obligation to comply with the basic requirements of this court's orders, including the scheduling order.[13] As Mr. Valdez has not shown that anything beyond simple inadvertence resulted in his missing the deadline, that the need for the extension arose from something out of his control, or that he acted with diligence, the court denies his motion.

IT IS SO ORDERED.

DATED this 11th day of September 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

[12] ECF No. 35 at 6.

[13] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) ("[*P*]*ro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992))).